UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NATHAN AND JANAE OSTERMAN,** | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | CIVIL ACTION NO._____ |
| **ALLSTATE INSURANCE COMPANY (TEXAS),** | § | |
| *Defendant.* | § | |
| | § | |

## ORIGINAL COMPLAINT

1.  Nathan and Janae Osterman ("Plaintiffs") brings this action for breach of contract in accordance with the National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. §§ 4001-4129 (2012), seeking payment of the insurance proceeds wrongly withheld by Allstate Insurance Company ("Defendant").

### JURISDICTION AND VENUE

2.  The Court has jurisdiction over this action and the Defendant pursuant to 42 U.S.C. § 4072. Federal courts, like this Court, have original and exclusive subject matter jurisdiction over cases involving disputed disallowance or partial disallowance of federal flood insurance claims proceeds, regardless of the amount in controversy.

3.  The Court has personal jurisdiction over Defendant because Defendant does business in and is authorized to do business in the State of Texas and because Defendant issued a policy of flood insurance covering property that is located in this district.

4.  Venue is proper in this district pursuant to 42 U.S.C § 4072, as Plaintiff's insured property is located in this district.

### PARTIES

5.  Plaintiffs Nathan and Janae Osterman are individuals who reside and are domiciled in Texas in the judicial district. Plaintiffs owns a house at 4115 Ravine Drive, Friendswood, Texas 77546 which was insured against flood damages by Allstate.

6.  Defendant Allstate Insurance Company is a private insurance company organized under the laws of the State of Illinois with its principal place of business at 2775 Sanders Rd, Northbrook,

IL 60062. Allstate is a "Write Your Own" ("WYO") carrier participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act ("NFIA" or "the Act"), as amended 42 U.S.C. §4001. Allstate issued Plaintiff a Standard Flood Insurance Policy (the "Policy") in its own name, as a fiscal agent of the United States. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Allstate was and is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Policy.

7. Defendant Allstate is authorized to do business in Texas and has designated CT Corporation System located at 1999 Bryan St., Suite 900, Dallas, TX 75201-3136 as its agent for service of process.

## FACTUAL BACKGROUND

8. Defendant participates in the Federal Emergency Management Agency's ("FEMA") Write Your Own ("WYO") program, through which it issues National Flood Insurance Program ("NFIP") policies as FEMA's fiduciary, including the policy at issue in this suit.

9. Pursuant to 44 C.F.R. Sections 62.23(d) and (i)(6), Defendant was and is responsible for arranging the adjustment, settlement, payment, and defense of all claims arising under the policy.

10. Pursuant to 44 C.F.R. Section 62.23 (i)(l), Insurer was and is responsible for adjusting claims in accordance with general company standards, guided by NFIP Claims manuals.

11. Plaintiffs' property at 4115 Ravine Drive, Friendswood, Texas 77546 sustained significant flood damage as a result of Hurricane Harvey on or about August 25, 2017.

12. Defendant issued an NFIP flood insurance policy (Policy No. 004805711871) on Plaintiffs' house (the "Policy").

13. Plaintiffs paid all premiums when due and the Insurance Policy issued by Defendant was in full force and effect at the time of the loss.

14. The Insurance Policy insures against "direct physical loss by or from flood to insured property." 44 C.F.R. Pt. 61, App. A(1), Art. I (2012).

15. Plaintiffs' home and personal property were inundated and destroyed by flood waters. Their home at 4115 Ravine Drive, Friendswood, Texas 77546 sustained devasting water damage

to the flooring, walls, insulation, framing, doors, cabinets, fixtures, HVAC system and otherwise throughout the entire home and property.

16. Plaintiffs have incurred and/or will incur significant expenses to restore the home to its pre-flood condition after the flood damage that occurred in August 2017.

17. Plaintiffs filed a claim (No. 0472757987) on the Insurance Policy with Defendant, which dispatched an adjuster to estimate the loss.

18. The adjuster prepared an estimate but failed to abide by the terms of the Insurance Policy, the Defendant's general company claims handling standards, and/or with NFIP claims manuals.

19. The amount in the submitted Proof of Loss is based on a firsthand inspection and damage assessment prepared by Plaintiffs' experts. The Proof of Loss attached supporting documentation, which included a room-by-room, line-by-line, unit cost damage estimate. Plaintiff's experts found that the flood damage greatly exceeded the amount and scope of the Defendant's adjuster.

20. Defendant failed to issue payment on the Plaintiffs timely submitted Proof of Loss.

21. Plaintiffs have filed this suit to recover the balance owed on the Proof of Loss that Defendant wrongfully denied.

## COUNT 1 – BREACH OF CONTRACT

22. Plaintiffs hereby repeats and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if set forth fully herein.

23. Plaintiffs and Defendant entered into an insurance contract when Plaintiffs purchased and Defendant issued the Insurance Policy.

24. The Policy, at all times relevant and material to this case, provided flood insurance coverage to Plaintiffs for, among other things, physical damage caused by flood to Plaintiffs' property and contents located at the address ascribed above.

25. Plaintiffs maintained the Insurance Policy on which Plaintiffs paid premiums and that was in good standing at the time the insured property sustained a flood loss in August 2017.

26. Plaintiffs submitted a Proof of Loss demanding payment. That Proof of Loss was timely and complied with all requirements of the Insurance Policy.

27. Plaintiffs have complied with all obligations owed under the Insurance Policy.

28.     Defendant, however, has breached its contractual obligation by wrongfully denying coverage and failing to issue payment for the amount owed on this claim as documented by Plaintiffs' Proof of Loss. Based on information and belief, Allstate owes in excess of an additional $200,000.00 for covered Storm damages to the Plaintiffs' Property.

29.     By wrongfully denying payments to Plaintiffs, Allstate has breached the duty of good faith and fair dealing owed to Plaintiffs as an insured in an insurance contract. "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. Arnold v. Nat'l Mut. Fire Ins. Co., 725 S.W.2d 165, 167 (Tex. 1987). A special relationship exists as a result of policyholders like Plaintiffs in this suit, and Allstate's (the insurer) unequal bargaining power. Allstate breached or will breach its deal fairly and in good faith by other acts and omissions of which Plaintiffs are presently aware. Allstate's duty of good faith and fair dealing continues during the pendency of this case. Plaintiffs reserves the right to seek leave of the Court to amend this Complaint at such time as they may ascertain other acts and omissions actionable as breaches of the duty of good faith and fair dealing.

30.     By virtue of its various breaches of contract, including its duty to fully reimburse Plaintiffs for the covered losses, Allstate is liable to and owes Plaintiffs for the actual damages Plaintiffs sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with interest and all other damages Plaintiffs may prove as allowed by law.

### CONDITIONS PRECEDENT

Plaintiffs have satisfied all conditions precedent for bringing this action.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff named herein respectfully requests Defendant to be served to appear and answer herein and that the Court enter judgment in Plaintiff's favor for such amount of damages as Plaintiff may prove at trial, for reasonable attorneys' fees and costs, expenses, pre-judgment and post-judgment interest as provided by law and other and further relief the Court may deem just and proper.

Respectfully submitted,

***CHAD T WILSON LAW FIRM PLLC***

By: <u>*/s/ Chad T. Wilson*</u>
Chad T. Wilson
Bar No. 24079587
Thomas J. Landry
Bar No. 24099161
455 East Medical Center Blvd, Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tlandry@cwilsonlaw.com

**ATTORNEYS FOR PLAINTIFF**